IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.      1:21-cv-01460

DONALD R. SCHEINER,

Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

Defendant.

## COMPLAINT

**NOW COMES** Donald R. Scheiner ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of Midland Credit Management, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) Plaintiff resides in the District of Colorado, Defendant conducts business in the District of Colorado, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collection agency with its principal place of business located at 350 Camino de la Reina, Suite 300, San Diego, California 92108. Defendant engages in collection activities in the state of Colorado.

6. Defendant is a collection agency with the primary business purpose of collecting or attempting to collect defaulted consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Colorado.

## FACTS SUPPORTING CAUSES OF ACTION

7. In or around 2018, Plaintiff obtained a line of credit with Credit One Bank ("subject debt").

8. Sometime in September 2020, Plaintiff fell into immense financial hardship and fell behind on payments toward the subject debt and Defendant acquired the right to collect on the subject debt.

9. On September 8, 2020, Plaintiff began receiving collection calls from Defendant to his cellular phone number (713) XXX-1392, attempting to collect on the subject debt.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number ending in 1392.

11. Soon after the calls began, Plaintiff answered a call from Defendant and told Defendant to stop calling his cellular phone.

12. Notwithstanding Plaintiff's request, Defendant spoofed its caller ID in order to trick Plaintiff into answering its calls and willfully attempt to collect the subject debt from Plaintiff.

13. Despite knowing that Plaintiff did not want to receive any further calls, Defendant placed an additional 31 calls to Plaintiff's cellular phone following his request that the calls cease.

14. Frustrated with Defendant's actions, Plaintiff answered another phone call from Defendant on May 18, 2021 and again demanded it cease calling.

15. Failing to comply with Plaintiff's demand to cease calling, Defendant continued to call Plaintiff's cellular phone, with multiple calls taking place in one day and calls taking place on back-to-back days.

16. Following the Plaintiff's request to end the harassing calls, Defendant continued to call Plaintiff relentlessly demanding immediate payment.

17. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## DAMAGES

18. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

19. Plaintiff has expended time and consulting with attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

20. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the alleged subject debt.

21. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, harassment, emotional distress, anxiety, and loss of concentration.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

25. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

26. The alleged subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant used the mail to attempt to collect the alleged subject debt from Plaintiff and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

28. Defendant's mail communications to Plaintiff were made in connection with the collection of the alleged subject debt.

29. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and f through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

30. Defendant violated §1692c(a)(1) when it continuously called Plaintiff excessively, attempting to collect a debt after being notified that by Plaintiff to stop. This repeated behavior of continuously and systematically calling Plaintiff after it knew that Plaintiff explicitly requested the calls to stop was harassing and abusive.

    b. **Violations of FDCPA § 1692d**

31. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff on his cellular phone seeking immediate payment on the subject debt.

4

Moreover, Defendant continued placing calls after Plaintiff put Defendant on notice that the calls cease.

32. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff.

    c. **Violations of FDCPA § 1692f**

33. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff on his cellular phone attempting to collect the subject debt. Defendant repeatedly attempted to coerce Plaintiff into making a payment through harassing tactics such as calling multiple times per day and back-to-back days. These means employed by Defendant only served to harass and cause distress to Plaintiff.

34. Defendant had been told multiple times to stop calling Plaintiff in regards to the subject debt. Nevertheless, Defendant persisted with its harassing calling campaign in contacting the Plaintiff, and knew that its conduct was inconvenient and harassing to Plaintiff.

35. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through never-ending harassing phone calls to the phones of consumers in an attempt to collect on a debt.

36. Upon information and belief, Defendant systematically attempts to collect debts through harassing and misleading conduct and has no procedures in place to assure compliance with the FDCPA.

37. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff Donald R. Scheiner respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant from further contacting Plaintiff;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: May 29, 2021

Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com